**PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND; et al., Plaintiffs–Appellants,**

v.

**Daniel W. ELDRIDGE, formerly doing business as Kodiak Plumbing Service; et al., Defendants–Appellees.**

No. 05–35623.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2007.*

Filed May 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David J. Sweeney, Esq., Stephen H. Buckley, Esq., Brownstein, Rask, Swee-

ney, Kerr, Grim, DeSylvia & Hay, LLP, Portland, OR, for Plaintiffs–Appellants.

Daniel W. Dickerson, Esq., Portland, OR, for Defendants–Appellees.

Before: RYMER, GRABER, and BEA, Circuit Judges.

## MEMORANDUM **

Plumbers, Steamfitters and Marine Fitters Local 290 ("the union") and its affiliated trust funds ("the trust funds") (collectively, "appellants") appeal the district court's order awarding them a portion of the amount of unpaid fringe benefit contributions, union dues, interest, and liquidated damages they had sought from Daniel Eldridge, formerly doing business as Kodiak Plumbing Service; Shatzi Enterprises, Inc.; and Shatzi Incorporated (collectively, "appellees"). Because the parties are familiar with the facts of the case, we recite them only as necessary. We affirm in part, reverse in part and remand this case for further consideration.

I. The district court erred in concluding that plaintiffs are not entitled to payments for hours worked by appellees' employees from March 2003 through July 2003.

Appellants sought reimbursement for hours worked by appellees' employees from March 31, 2003 through July 31, 2003. The district court's finding that "the union had actual notice of contract

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

termination when [appellees'] letter was delivered to the union's business agent in January of 2003, thereby terminating the contract on its specified date of March 31, 2003," was contrary to the express terms of the compliance agreement. We hold that this provision is unambiguous.

We reject appellees' contention that the phrase "either party may terminate this Compliance Agreement" rendered the manner by which the contract could be terminated ambiguous. The contract clearly stated that any termination "must be actually received at least (150) days but not more than (180) days, prior to the termination date in the applicable Master Labor Agreement." Appellees' reading of the contract would render this language meaningless.

To comply with this provision, appellees were required to mail their termination letter to appellants by certified or registered mail between October 2, 2002 and November 1, 2002. It is uncontested that they did not do so. Therefore, the Master Labor Agreement ("MLA") did not terminate on March 31, 2003.

On remand, the district court shall determine the amount appellees owe.

II.  The district court erred in concluding that appellants are not entitled to payments for hours worked by non-union members.

■ The district court improperly failed to grant damages representing fringe benefit payments and union dues for employees who were not union members when their work was performed.

The MLA requires contributions by the employer for each compensable hour worked by "employees covered by [or under] this [or the] Agreement." It also provides that "[t]his Agreement covers the rates of pay, hours, and working conditions of all employees engaged in the installation of all plumbing and/or pipe fitting systems and component parts thereof." MLA § 4.1. Such language strongly supports the inference that non-union employees are covered by the MLA. See Audit Servs., Inc. v. Rolfson, 641 F.2d 757, 761 (9th Cir.1981). Although the MLA does not explicitly define "employee" to include "non-union member," the MLA sections dealing with union membership use "employee" to mean something distinct from "union member." All employees who performed work covered by the agreement were themselves "covered by" the agreement. See MLA § § 5.2, 5.3. On remand, the district court shall determine the appropriate damages.

III.  The district court acted properly in granting Eldridge a credit for union dues paid.

■ Appellants' third claim on appeal is that Eldridge was not entitled to an offset of $2,310.08 for union dues he paid on behalf of himself after he became a contractor and was no longer entitled to union benefits. We reject this claim.

Unlike the situation in British Motor Car Distributors, Ltd. v. San Francisco Automotive Industries Welfare Fund, 882 F.2d 371 (9th Cir.1989), Eldridge did not seek any payment out of the trust funds. The district court merely granted an equitable credit against damages it was awarding appellants in litigation. Therefore, the funds held by appellants do not "inure to the benefit of any employer," as prohibited by 29 U.S.C. § 1103(c)(1). Because there is no evidence that Eldridge was performing duties covered by the MLA, the district court's finding is not clearly erroneous.

IV.  On remand, the district court should award prejudgment interest and make an initial finding as to liquidated damages and audit fees.

■ ERISA plans such as the one at issue are entitled to special recovery in

any action in which an "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement" fails to do so and "a judgment in favor of the plan is awarded." 29 U.S.C. §§ 1002, 1132, 1145. This recovery includes, in addition to the unpaid contributions, interest on those contributions and liquidated damages. *Id.* § 1132(g)(2).

Section 1132(g)(2) is mandatory and not discretionary.

> To be entitled to a mandatory award under § 1132(g)(2), the following three requirements must be satisfied: (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award.

*Northwest Adm'rs, Inc. v. Albertson's, Inc.,* 104 F.3d 253, 257 (9th Cir.1996) (internal citation and quotation marks omitted).

It is undisputed appellees were delinquent and that the MLA provides for liquidated damages and interest. *See* MLA § 8.7. We hold the district court's decision was one "in favor of the plan," as required by § 1132(g)(2).

Additionally, the district court's conclusion that prejudgment interest is not warranted where damages are uncertain lacks support because that is not a requirement for awarding prejudgment interest under § 1132(g)(2). *See Albertson's,* 104 F.3d at 257.

On remand, the district court shall also make a determination as to liquidated damages and audit fees, which are not addressed in its order.

We award costs on appeal to appellants.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**